J. Jay Carroll, WSBA #17424
Halverson | Northwest Law Group P.C.
405 East Lincoln Avenue
P.O. Box 22550
Yakima, Washington 98907
Telephone: 509-248-6030
Facsimile: 509-453-6880
Email: jcarroll@halversonNW.com

Attorneys for Plaintiff

HONORABLE LONNY R. SUKO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TREE TOP, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, a foreign insurance corporation,<br><br>Defendant. | NO. CV-12-3123-LRS<br><br>PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT<br><br>*WITH ORAL ARGUMENT*<br><br>HEARING:   November 21, 2013<br>                        2:30 p.m.<br>                        Yakima, Washington |

COMES NOW the plaintiff, Tree Top, and submits this memorandum in reply to the Response submitted by defendant American Guarantee.

**A.     Standards Applicable and Proper Framework of Analysis**

While American Guarantee does indeed acknowledge the unique nature of this "all risk" policy of insurance at issue herein, it fails to give significance

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT - 1

**HALVERSON | NORTHWEST P.C.**
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

to that policy nor the various rules of interpretation that flow therefrom. Accordingly, it is appropriate to remind the court of those tenants.

"All-risk polices generally allocate risk to the **insurer**, while specific peril policies place more risk on the **insured**." *Vision One v. Phila. Indem.*, 174 Wn.2d, 501, 513-14, 276 P.3d 300 (2012). (emphasis added). Under an "all risk" policy, everything imaginable that can happen is a "covered event," unless the loss is specifically excluded by the terms of the policy:

> "All risk" insurance is a promise to pay upon the fortuitous and extraneous happening of loss or damage **from any cause whatsoever** unless that cause is specifically excluded. Under an all risk policy, any risk that is not specifically excluded is an insured peril. The purpose of such insurance is to shift the risk of loss away from the contractor and the owner and to place it upon the insurer.

*Coluccio Constr. v. King County*, 136 Wn. App. 751, 767, 150 P.3d 1147 (2007) (citations omitted) (emphasis added). See also *Certain Underwriters at Lloyd's London v. Travelers Property Cas. Co. of America*, 161 Wn. App. 265, 269-70, 256 P.3d 368 (2011).

In interpreting an insurance policy, the Court must be mindful that it is not an "equal playingfield" when it comes to interpretations. If ambiguities exist in the analysis, that ambiguity is to be construed in favor of the insured.

> The insurance policy is considered as a whole so the court can give effect to every clause in the policy. *See Kitsap County*, 136 Wn.2d at 575. This rule applies to all sections of the policy, including the endorsements. *See Kitsap County,* 136 Wn.2d at 575. **When an ambiguity exists in an insurance contract the ambiguity is to be construed in favor of the insured.** *See Daley vs. Allstate Ins. Co.,* 135 Wn.2d 777, 784 958 P.2d 990 (1998). **If an exclusionary clause in an insurance policy is ambiguous, the Court will construe that**

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT - 2

**HALVERSON | NORTHWEST P.C.**
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

**clause against the insurer.** *See Kish v. Ins. Co. of North America*, 125 Wn.2d 164, 170, 883 P.2d 308 (1994). **An ambiguity exists if the language of the exclusion is fairly susceptible to two different but reasonable interpretations.** *See Washington Pub. Util. Dists. Utils. Sys v. Pud 1*, 112 Wn.2d 1, 11, 771 P.2d 701 (1989).

In interpreting exclusions, Washington courts have held that exclusions from coverage are contrary to the fundamental protective purpose of insurance and will not be extended beyond their clear and unequivocal meaning. **Exclusions are strictly construed against the insurer.**

*Torgerson*, 109 Wn. App. 131, 137, 34 P.3d 830 (2001). (citations omitted)(emphasis added).

Accordingly, the Court must be mindful in making the analysis in this case that the goal is not to see which party has the "correct" interpretation or what this Court perceives the "correct" interpretation to be. Under Washington law, if the plaintiff can put forth a reasonable interpretation, an ambiguity is created and that ambiguity is construed against the insurer. Thus, the issue presented is whether the plaintiff puts forth a "reasonable" interpretation. If so, an ambiguity is created and that ambiguity is construed against the insurer.

While not directly on point to the issues presented herein, the Court, in *American Best Food v. Alea London*, 168 Wn.2d 398, 229 P.3d 693 (2010) is instructive in this regard. In *American Best Food*, the insured operated a nightclub. Two patrons of the nightclub were ultimately involved in an altercation where one (Antonio) shot the other (Dorsey) nine times. After being

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT - 3

**HALVERSON | NORTHWEST P.C.**
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

shot, Dorsey tried to go back into the nightclub but he alleged that club security guards took him away and "dumped him on the sidewalk." He alleged that this exacerbated his injuries. *American Best Food*, 168 Wn.2d at 402-03.

Dorsey sued the nightclub making several allegations. The insurance company (Alea) refused to defend the nightclub citing the application of an "assault and battery" exclusion in the policy of insurance. The nightclub then brought an action against the insurance company alleging that it had violated its duty to defend the insured and sought damages for bad faith and violation of the CPA.

The exclusion cited by the insurance company stated that the insurance did not apply: "to any claim arising out of:  A. Assault and/or Battery committed by any person whosoever, regardless of degree of culpability or intent. . . ."

> Alea argues that absent the assault, Dorsey would have no cause of action against Café Arizona and thus, his entire claim, including his claim for any injuries sustained when club security guards allegedly dumped him on the sidewalk on orders of the club owner, is excluded under the policy.

*American Best Food*, 168 Wn.2d at 406 & ¶ 8.

The insurance company, Alea, was able to cite at least three **Washington cases** and discuss those cases in support of its interpretation that there was no coverage based on the "assault and battery" exclusion to the policy. The

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT - 4

**HALVERSON | NORTHWEST P.C.**
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

Supreme Court ultimately disagreed and found **out of state cases** more persuasive:

> Alea's interpretation of Washington law fails to persuade us that its interpretation of the contract is correct. We find persuasive precedent from other states that have found claims that the insured acted negligently after an excluded event are covered. *Further, a balanced analysis of the case law should have revealed at least a legal ambiguity as to the application of an "assault and battery" clause with regard to postassault negligence at the time Café Arizona sought the protection of its insurer, and ambiguities in insurance policies are resolved in favor of the insured. Mut. of Enumclaw Ins. Co. v. Jerome,* 122 Wash.2d 157, 161, 856 P.2d 1095 (1993) (citing *Rones v. Safeco Ins. Co. of Am.,* 119 Wash.2d 650, 835 P.2d 1036 (1992)). Because such ambiguity is to be resolved in favor of the insured, we hold that Alea's policy afforded coverage for postassault negligence to the extent it caused or enhanced Dorsey's injuries.

*American Best Food*, 168 Wn.2d at 410-11 & ¶ 16 (emphasis added).

The issue in this claim, both from a substantive level or a bad faith level, is **not**, "whose interpretation is correct?" The question is whether Tree-Top's interpretation is "reasonable." If that interpretation is "reasonable" then an ambiguity exists and American Guarantee looses since that ambiguity is construed against it. That's the issue presented.

The problem with the defendant's analysis is that it does not take these interpretation issues into account nor does it give due credit to the efficient proximate cause or ensuing loss provisions previously discussed. Several other cases should be of interest to this Court and, at the very least, create ambiguities in the analysis presented.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT - 5

**HALVERSON | NORTHWEST P.C.**
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

In *Otis Elevator Co. v. Factory Mutual Insurance Co.*, 353 F.Supp.2d 274 (D. Conn. 2005), the court was faced with an all risk policy and the application of the "faulty work" exclusion. Otis entered into a contract to build an "automated people mover" at a Minnesota airport. The system consisted of two trams pulled along by a cable. There were difficulties with the brakes and during testing the trams crashed into a restraining buffer and terminal wall at the airport and also damaged the trams. *Otis Elevator*, 353 F.Supp.2d at 276-77.

The insurance company denied the claim citing, among other exclusions, the faulty workmanship exclusion. The Court rejected this application:

> Applying these rules of construction, the term "faulty workmanship" does not encompass the damage at issue. The tram itself was not faulty workmanship in the sense of a "flawed product" because it already had been completed at the time of the accident. The tram was not a "flawed process" because the construction of the tram already was complete, even if it had not actually been accepted by MAC, at the time of the accident. By either definition of "faulty workmanship," defendant's claim that the tram is faulty workmanship when sent at full speed, overloaded and without brakes, is forced. The accidental property damage to the tram cannot be termed "faulty workmanship." It is simply accidental damage resulting from subcontractor negligence unrelated to the quality of any product or process. *See City of Burlington v. Hartford Steam Boiler Inspection & Ins. Co.,* 190 F.Supp.2d 663, 672 (D.Vt.2002) (holding "faulty workmanship" cannot be read to encompass "accidental damage to the product caused by the builder's negligence during construction."). As one court has observed, "if subcontractor-fault were entirely excluded as a covered peril, the 'all risks' peril expressly insured

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT - 6

**HALVERSON | NORTHWEST P.C.**
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

would become perilously close to a policy insuring no risk." *Dow Chem. Co. v. Royal Indemnity Co.,* 635 F.2d 379, 387 (5th Cir.1981).

*Otis Elevator* 353 F. Supp. 2d at 281 (footnotes omitted).

The Court in *Association of Apartment Owners of Imperial Plaza v. Fireman's Fund Ins. Co.*2013 WL 1442465 (D. HA 2013), discussed the ensuing loss provisions. The building owner discovered arsenic in concrete in one of the floors of the project. That occurred by water infiltrating an insulation layer. The Court found that the application of the ensuing loss concepts allowed from coverage in this case.

> Another case that is more closely analogous to the current case is *Boardwalk Condominium Ass'n v. Travelers Indemnity Company of Illinois,* Civ. No. 03cv505 WQH (Wmc), 2007 WL 1989656 (S.D.Cal.2007). In *Boardwalk,* a condominium was damaged when defective design or construction caused inadequate ventilation, which resulted in the build up of condensation. 2007 WL 1989656 at *9. The condensation caused serious water damage and mold. *Id.* The all-risk insurance policy in *Boardwalk* had an exclusion for design or construction defect, but the policy also had an ensuing loss clause. *Id.* at *8. The California district court found that the design defect (an excluded peril) resulted in condensation (a covered peril). *Id.* at *9. Accordingly, the water damage and mold were covered because the loss resulted from the included peril of condensation. *Id.*
>
> In this case, Plaintiff also seeks to obtain coverage for the peril of moisture infiltration. Defendant concedes that "moisture infiltration is not an excluded cause of loss in the all-risks policy." Def.'s Opp. at 14. The question is therefore whether the moisture infiltration is "separate from and in addition to the initial excluded peril." *See Acme Galvanizing Co. v. Fireman's Fund Ins. Co.,* 221 Cal.App.3d at 180, 270 Cal.Rptr. 405 (Cal.Ct.App.1990). Under the circumstances of this case, the Court holds that the moisture infiltration is covered by the Policy.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT - 7

HALVERSON | NORTHWEST P.C.
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

> The moisture is a separate and independent event from Defendant's identified cause of design defect in constructing the fourth floor without removing the canec insulation layer. *See Boardwalk,* 2007 WL 1989656 at *9. The moisture, like the fire hypothetical in *Acme,* is a separate agent that caused damage, even though the design defect may have allowed the agent to enter. *See Boardwalk,* 2007 WL 1989656 at *9 ("[C]ondensation, while "resulting from" the lack of ventilation, is a new hazard or phenomenon, separate and independent from lack of ventilation.").

*Ass'n of Apart. Owners,* 2013 WL 1442465 at *11-12.

Whether viewed in the context of efficient proximate cause or ensuing loss, there is, at the very least, reasonable arguments that a covered event has occurred in this case. Flaking chrome is not an excluded peril. While the defendant may well be able to point to other exclusions that might have some application if applied in isolation, when considered in the correct context of efficient proximate cause and ensuing loss, those purported exclusions do not preclude coverage in this case. Accordingly, the plaintiff's motion for summary judgment should be granted on the issue of liability.

## CONCLUSION

When the proper analysis is used in this case, the exclusions cited by the defendant do not have any application. Whether it is by virtue of the efficient proximate cause or ensuing loss provision, this all risk policy provides coverage

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT - 8

HALVERSON | NORTHWEST P.C.
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030

for the events of this case.  Accordingly, the plaintiff's motion for summary judgment should be granted.

DATED this 29th day of October, 2013.

> s/ J. Jay Carroll,  WSBA No. 17424
> HALVERSON | NORTHWEST LAW GROUP P.C.
> *Attorneys for Plaintiff*
> 405 East Lincoln Avenue
> P.O. Box 22550
> Yakima, Washington 98907
> Telephone:  (509) 248-6030
> Fax:  (509) 453-6880
> Email:  jcarroll@halversonNW.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

**Attorneys for Defendant:**

| | |
|---|---|
| Diane L. Polscer | dpolscer@gordon-polscer.com |
| Brian Carl Hickman | bhickman@gordon-polscer.com |

s/ J. Jay Carroll,  WSBA No. 17424
HALVERSON | NORTHWEST LAW GROUP P.C.
*Attorneys for Plaintiff*
405 East Lincoln Avenue
P.O. Box 22550
Yakima, Washington 98907
Telephone:  (509) 248-6030
Fax:  (509) 453-6880
Email:  jcarroll@halversonNW.com

G:\JJC\TREE TOP\v. American Guarantee\Pleadings\Reply brief..doc
10/29/2013 4:38 PM jlf

OF ITS MOTION FOR SUMMARY JUDGMENT - 10

**HALVERSON | NORTHWEST P.C.**
405 East Lincoln Ave. | P.O. Box 22550
Yakima, WA 98907
509.248.6030